# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY SIKORA,

    Plaintiff,

vs.                                         Case No. 4:10cv165-RH/WCS

LEON COUNTY JAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is detained at the Leon County Jail and is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Doc. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order entered this day.

Plaintiff appears to have named four Defendants in this case: the Leon County Jail, the State of Florida, Sheriff Larry Campbell, and Governor Charlie Crist. Doc. 1., p. 1. However, it is also possible that Plaintiff intended to only name two of those Defendants because on page one of the complaint form he lists the first two Defendants, and on page two of the complaint form, he lists the second two Defendants. At any rate, it is clear that only two of those four Defendants may be

properly sued. A correctional facility or the jail is not a proper Defendant in a case brought under § 1983. The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. Mayes v. Elrod, 470 F.Supp. 1188, 1192 (N.D.Ill. 1979). The capacity of a governmental corporation to be sued in federal Court is governed by the law of the state in which the District court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. Pursuant to Chapter 30 of the Florida Statutes, Florida Sheriffs of their respective counties are subject to suit and may be sued under 42 U.S.C. § 1983. Ortega v. Schramm, 922 F.2d 684, 694 (11th Cir. 1991). Thus, the Jail must be dismissed as a Defendant.

Additionally, a suit against the State of Florida is not possible pursuant to 42 U.S.C. § 1983 either because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989). Furthermore, the State of Florida is immune from suit in this court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Accordingly, the State of Florida must be dismissed as a Defendant.

Plaintiff's allegations in this case are that he was "put on Vegan Diet after sending at least 20 request[s] - saying [he] was allergic" or could not tolerate tetracycline. Doc. 1, p. 5. Plaintiff claims he was never taken to hospital or dietician, and says he has probably lost ast least 20 pounds while in prison. *Id.*, at 5-6. Plaintiff alleges that he was given a different diet at a penitentiary, and was on a high calorie,

low fat diet with 4 snacks a day. *Id.*, at 5. Plaintiff claims he is subjected to a vegan diet because he receives a peanut-butter sandwich for breakfast, and he complains that lunch and dinner every day is the same meal (blackeyed peas, raw potatoes, salad with no dressing, apple, and bread). Plaintiff claims the food is tasteless and claims there is "no way could it [sic] have proper nutritional value." *Id.*, at 6. However, Plaintiff also claims that "every 2 days you get a tray of navy bean and rice" and oatmeal bar for breakfast. *Id., at 7.* Plaintiff claims it "is unfair, unhealthy, and just wrong." *Id.* Plaintiff also challenges a rule at the Jail which states if you switch to a vegan tray you cannot switch back. *Id.*

Plaintiff's claim against Defendant Crist is insufficient because there is no involvement by that Defendant in the local jail. The claims must be dismissed against that Defendant.

Plaintiff's claim against Defendant Campbell as Sheriff is also insufficient. The United States Constitution does not require "comfortable" prisons or jails with all the amenities of home, it only requires that prisons not be "inhumane." Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The conditions of life in jail and the treatment of prisoners is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. Farrow, 320 F.3d at 1242-43, *citing* Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain' " Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69

L.Ed.2d 59 (1981). A challenge to conditions of confinement must show that "the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), *cited in* Chandler, 379 F.3d at 1289. The challenged condition must be "extreme." *Id.,* at 9, 112 S.Ct. at 1000.

In this case, Plaintiff's complains about the variety of food or its nutritional value are frivolous. By his own allegations, he is being fed well. Plaintiff's displeasure with the food options do not state a claim of violation of the Eighth Amendment. The allegations are clear, however, and there is no need to allow Plaintiff to amend his complaint. The complaint should be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2010.

      s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv165-RH/WCS